IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 21-CR-427-GKF |
| JOHN LEWIS POWELL JR (1), | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Defendant John Lewis Powell, Jr.'s Motion for Discovery Sanctions (ECF No. 46), which was referred by United States District Judge Gregory Frizzell (ECF No. 47). The Court has considered the following briefs filed by the parties (ECF Nos. 46, 54, 57, and 66).[1] For the reasons explained below, the motion is denied.

**I.     Facts**

Powell and his co-defendant Ernest Charles Baker, III are charged with Assault with Intent to Commit Murder in Indian Country and aiding and abetting each other in commission of the crime. The Indictment alleges that, on or about September 18, 2018, Powell committed these crimes by "repeatedly chopping and striking C.T. in the neck, head, and back with a hatchet." ECF No. 15. The motion deadline expired on February 4, 2022. The case is set for pretrial conference on March 9, 2021 and trial on March 21, 2022.

In the motion for sanctions, Powell claims the United States violated Federal Rule of Criminal Procedure 16(a)(1)(E) and its disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), in relation to a hatchet the United States intends to present as evidence. According to

---

[1] The Court permits filing of the United States' reply (ECF No. 57) and supplemental reply (ECF No. 66). Both provided updated information regarding the relevant discovery.

1

Powell, an individual found the hatchet at another location and provided it to law enforcement five days after the incident. Powell intends to challenge the authenticity of the hatchet and argues that all evidence surrounding the hatchet is vital to his defense. Powell claims the United States violated its discovery obligations by failing to timely disclose fingerprint and DNA reports completed on the hatchet, and by failing to permit inspection of the hatchet. Powell requests the following sanctions: (1) dismissal of the Indictment; (2) exclusion of the hatchet from evidence; or (3) an adverse jury instruction informing the jury that the United States failed to comply with its discovery obligations in relation to the hatchet.

As of the date of this Order, March 7, 2022, the United States has disclosed both reports and permitted inspection of the hatchet. Disclosure of the DNA report and inspection occurred after Powell filed the motion. In its most recent supplemental filing, the United States provided the following timeline and explanations in relation to each piece of evidence. *See* ECF No. 66.

### A.     **Fingerprint Report**

The fingerprint report was completed on September 8, 2021. *See* ECF No. 46-1 (TPD forensic lab report). According to the United States, FBI Agent Mark Wells first received the report on January 21, 2022. ECF No. 66 at 2. Wells provided it to counsel for the United States on February 7, 2022, and he provided it to Powell's counsel on February 10, 2022. *Id.* The United States did not explain the lengthy delay in Agent Wells' receipt of the report following its completion, or the two-week delay in Agent Wells providing the report to counsel.

### B.     **DNA Report**

At least by September 8, 2021, a DNA swab was taken from the hatchet. *See* ECF No. 46-1 (TPD forensic lab report). According to the United States, the DNA swab was "submitted into a queue for DNA analysis." ECF No. 66 at 2. Due to a "significant backlog," DNA analysis did

not begin until January 31, 2022.  *Id.*  DNA analysis was completed on February 7, 2022.  *Id.* When it submitted its response to the motion for sanctions on February 18, 2022, the United States was unaware the DNA report was complete.  *Id.*  The United States came into possession of the DNA report on February 22, 2022, and disclosed it to Powell's counsel the same date.  *Id.*

      C.      **Inspection**

The United States permitted Powell's counsel to inspect the hatchet via Zoom on March 2, 2022.  The United States contends it delayed this inspection until completion of the DNA report in order "to preserve the hatchet in case any issue arose that would require, for example, a new DNA swab."  ECF No. 66 at 3.

**II.**      **Analysis**

The fingerprint report, DNA report, and inspection of the hatchet were requested by Defendant in discovery as early as December 13, 2021.  ECF No. 41.  The items also constitute exculpatory *Brady* evidence.  The United States had an obligation to disclose the items under Rule 16(a)(1)(E); the Court's Order requiring production of exculpatory evidence (ECF No. 8); and the general requirements of *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

The United States has now disclosed all items at least three weeks in advance of trial. Powell argues the disclosures are untimely, are the result of intentional delay, resulted in prejudice to his ability to prepare for trial, and warrant sanctions.  The Court declines to impose any of the three requested sanctions because (1) any belated *Brady* disclosures did not ripen into due process violations, and (2) Defendant's requested sanctions are not warranted under Rule 16(d)(2).

      A.      **Due Process**

A belated *Brady* disclosure ripens into a due process violation "when an earlier disclosure would have created a reasonable doubt of guilt."  *United States v. Burke*, 571 F.3d 1048, 1054

(10th Cir. 2009). Where a court concludes the United States was "dilatory in its compliance with *Brady*, to the prejudice of the defendant, the district court has discretion to determine the appropriate remedy." *Id.* However, "not every delay in disclosure of *Brady* material is necessarily prejudicial to the defense." *Id.* "To justify imposition of a remedy, the defense must articulate to the district court the reasons why the delay should be regarded as materially prejudicial." *Id.* *See also United States v. Robertson*, No. 17-CR-2949-MV, 2021 WL 1923761, at *16 (D.N.M. May 13, 2021) (explaining that the "crux of the inquiry is whether the defendant has been prejudiced by the late disclosure").

The Court finds that any belated *Brady* disclosures did not ripen into a due process violation. All evidence was provided in time for Powell to use the exculpatory evidence to his benefit at trial and to alter trial strategy in accordance with the evidence. The exculpatory reports do not require significant analysis or follow-up reports by Powell. The only potential prejudice identified by Powell is passage of the motion filing deadline on February 4, 2022. But Powell failed to articulate what motions he would have filed had he obtained the exculpatory evidence sooner.[2] Further, the district judge has adequate time to remedy any potential prejudice by permitting motions out of time, if he deems that necessary. Powell has failed to articulate reasons why the delay should be regarded as "materially prejudicial," or why his requested sanctions are necessary to remedy a constitutional due process violation. *See Burke*, 571 F.3d at 1056-57 (finding that defendant failed to show prejudice warranting exclusion of testimony, where disclosure of bias-related evidence occurred during trial but counsel had time to question witness

---

[2] On February 25, 2022, Judge Frizzell denied Powell's motion for in camera review of grand jury transcripts. ECF No. 55. Judge Frizzell reasoned that, even if the United States failed to provide certain exculpatory evidence regarding the hatchet to the grand jury, this would not provide Powell with grounds for dismissal of the Indictment. Powell will therefore have no need to file a motion to dismiss based on misconduct before the grand jury.

about late-disclosed evidence on cross examination); *Robertson*, 2021 WL 1923761, at *18 (finding that, even where United States "flagrantly violated" court's express discovery order and defense only obtained information through Rule 17(c) subpoena, sanction of exclusion was not warranted due to lack of prejudice).

### B.     Rule 16(d)(2)

Rule 16(d)(2) permits a court broad discretion to award sanctions against a party who fails to comply with Rule 16, including permitting discovery or inspection; granting a continuance; prohibiting the party from introducing undisclosed evidence; or entering any other order that is just under the circumstances.  Fed. R. Crim. P. 16(d)(2); *United States v. Wicker*, 848 F.2d 1059, 1060 (10th Cir. 1988).  The district court should consider the following factors to determine whether a requested sanction is appropriate: (1) the reasons the government delayed producing the requested materials, including whether or not the government acted in bad faith when it failed to comply with the discovery order; (2) the extent of prejudice to the defendant as a result of the government's delay; and (3) the feasibility of curing the prejudice with a continuance.  *Wicker*, 848 F.2d at 1061.  If any sanction is imposed, it should be the least severe sanction that will accomplish prompt and full compliance with discovery obligations.  *Id.*

#### 1.     Reasons for Delay/Bad Faith

The United States filed a federal Complaint in September 2021 and promptly began forensic analysis on the hatchet.  The United States produced the fingerprint report twenty days after its receipt by Agent Wells, and over forty days before trial.  The United States failed to explain why Agent Wells first received the fingerprint report months after its completion on September 8, 2021.  But the United States represented that it produced the reports within a reasonable time following Agent Wells' receipt and promptly upon receipt by the United States attorney.  Although

the fingerprint report should have provided to Agent Wells more promptly than months after its completion, the Court finds no indication of bad faith or intentional delay by the United States.

The United States produced the DNA report the day of its receipt form the lab, and approximately thirty days before trial. The United States offered a reasonable explanation that, although the DNA swab was placed in the queue in September 2021, the report was not completed by the Tulsa Police Department forensic lab until February 7, 2022 due to significant backlog. Again, although the DNA report should have been provided to the United States by the lab more promptly upon its completion on February 7, 2022, the Court finds no indication of bad faith or intentional delay by the United States.

The United States provided inspection of the hatchet approximately one week after it received the completed DNA report and approximately twenty days before trial. The United States offered a reasonable explanation that it delayed inspection of the hatchet to preserve the evidence during completion of the DNA report. Although the hatchet itself was not sent to the lab, the United States decided not to expose the hatchet to an external environment until its own report was complete. The Court finds no indication of bad faith or intentional delay of the inspection.

### 2. Prejudice/Feasability of Curing Prejudice With Other Means

Powell has not suffered prejudice that warrants imposition of any of the three requested sanctions. As to the requested sanctions of dismissal or exclusion of the hatchet, any delays in disclosure fail to justify these remedies. The jury will hear all exculpatory evidence related to the hatchet, Powell has now inspected the hatchet, and there are three weeks remaining for trial preparation. Powell received all evidence related to the hatchet in time to prepare for trial with the exculpatory evidence. Any prejudice can be cured by less restrictive means such as permitting

motions out of time, given the time remaining before trial. The Court finds no grounds for the significant sanctions of dismissal or exclusion of the evidence.

As to the less severe sanction of an adverse jury instruction, the United States has not engaged in the type of conduct warranting such an instruction. In a case cited by Powell imposing the sanction of an adverse jury instruction, the United States wholly failed to comply with a court's discovery order to disclose specific impeachment evidence. The United States failed to voluntarily do so at any time before trial, and the evidence was only discovered by defense counsel pursuant to a Rule 17(c) subpoena. The court reasoned:

> Given the time and opportunity for further discovery afforded the defense, it is unclear what, if any, prejudice remains from the nondisclosure. That said, the discovery violation at issue here was still egregious and it was harmful. It is always inexcusable when the government fails to turn over material impeachment in its possession to the defense. Here, the violation is made worse by the fact that, in order to avoid this exact situation, the Court issued a detailed order requiring the government to conduct a diligent investigation and report any undisclosed promises and benefits to the defense by December 7, 2020. Doc. 263 at 8. The purpose of the Court's order was two-fold: it was meant to protect Mr. Robertson's right to Due Process under Brady and it was meant to avoid any unnecessary continuances given the age of this case and the Court's extremely busy docket. By failing to comply with the Court's order, the government frustrated both of those purposes and did serious damage to the Court's ability to manage its caseload because it lost its April 5, 2021 trial date with insufficient time to set another case for trial.

*Robertson*, 2021 WL 1923761, at *19. Here, the United States voluntarily disclosed all exculpatory evidence at least three weeks before trial; the Court did not issue any specific orders directed to the evidence; the United States attorney did not unreasonably delay production upon his receipt of the evidence; and Powell failed to articulate any concrete reason that trial must be delayed to cure prejudice flowing from late disclosures.

Considering all factors outlined in *Wicker*, the Court finds inadequate justification for Defendant's requested sanctions under Rule 16(d)(2). While there was some unexplained delay, particularly in relation to the fingerprint report, the Court finds no indication of intentional delay.

7

The Court further finds that any prejudice from the untimely disclosures can be cured by less severe means than the requested sanctions.

## III. Conclusion

Defendant John Lewis Powell, Jr.'s Motion for Discovery Sanctions (ECF No. 46) is DENIED.

SO ORDERED this 7th day of March, 2022.

_____
JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT